PROB. 12B
(7/93)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 15 2006

at 10 o'clock and 1/2 m 4
SUE BEITIA, CLERK

## United States District Court

for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: ELEANOR HAUNGA          Case Number: CR 01-00113SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 9/10/2001

Original Offense:   Distribution of Cocaine Base Within 1,000 Feet of the Real Property Comprising a Private University, in violation of 21 U.S.C. § 860(a), a Class B felony

Original Sentence:  Eighteen (18) months imprisonment to be followed by six (6) years supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; and 4) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

Type of Supervision: Supervised Release   Date Supervision Commenced: 7/12/2002

### PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

*General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of*

*supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

*5. That the defendant shall participate in and comply withsubstance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

*6. That the defendant is prohibited from the possession and consumption of alcohol during the term of her supervised release.*

*7. That the defendant participate in mental health treatment at the discretion and direction of the Probation Office.*

*8. That the defendant participate in anger management counseling at the discretion and direction of the Probation Office.*

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. Standard Condition 7 | The offender admitted drinking alcohol to excess on 10/20/2006. |
| 2. Standard Condition 11 | The offender did not notify the probation officer within 72 hours of being arrested and/or questioned by law enforcement. |
| 3. General Condition | That on 9/7/2006, the offender was arrested for Criminal Contempt of Court, in violation of Hawaii Revised Statutes § 710-1077, a petty misdemeanor. |
| 4. General Condition | That on 10/20/2006, the offender was arrested for Assault in the Third Degree, in violation of Hawaii Revised Statutes § 707-712, a misdemeanor. |

Prob 12B
(7/93)

3

As Your Honor may recall, on 8/18/2004, we notified the Court that on 7/19/2004, the offender was arrested for Disorderly Conduct, in violation of Hawaii Revised Statutes § 711-110, a petty misdemeanor. Following her arrest, the offender informed the Probation Office that she consumed alcohol to excess and had no recollection of engaging in the behavior that led to her arrest. According to the police report, the offender was arrested after she raised her middle finger, approximately 1 inch from a police officer's face, and stated, "Fuck you." The incident occurred as the offender was leaving Deja Vu nightclub located at 2301 Kuhio Avenue, Honolulu, Hawaii.

Based upon her satisfactory adjustment up until her arrest, we respectfully recommended that no adverse court action be taken regarding the violation. Your Honor concurred with our recommendation and no adverse action was taken.

On 11/30/2006, the offender reported to the Probation Office. During the office meeting she reported that on 9/7/2006, she was arrested on a bench warrant for Criminal Contempt of Court, in violation of Hawaii Revised Statutes § 710-1077, a petty misdemeanor. She also reported that on 10/20/2006, she was arrested for Assault in the Third Degree, in violation of Hawaii Revised Statutes § 707-712, a misdemeanor. The offender subsequently posted bail on both occasions and was released.

The offender explained that following her arrest on 7/19/2004, she was convicted of Disorderly Conduct but failed to appear for a Proof of Compliance hearing on 5/18/2005. As a result, a bench warrant was issued, and she was arrested for Criminal Contempt of Court on 9/7/2006.

With regard to her arrest for Assault in the Third Degree, the offender explained that on 10/20/2006, she had a party at her residence located on 2231 Ala Wai Boulevard, Apartment No. 502. She admitted to drinking alcohol to excess during the party. After her friends had gone home, she had a verbal argument with her boyfriend. She reported that she had gotten so upset that she started to hyperventilate and had a difficult time breathing. Her boyfriend called 911 and asked for medical assistance.

She reported that she had calmed down by the time the City and County paramedics arrived at her residence. She further explained that she informed the paramedics that she was not in need of medical treatment, but the paramedics refused to leave her residence. The offender reported that paramedic Mitchell Kam insisted on providing her with medical treatment and pushed her. In response, she pushed paramedic Kam on the chest and told him to get out of her apartment.

According to police reports, paramedics responded to the offender's apartment and observed her through her jalousie windows. They knocked on the door, identified themselves and requested that the offender open the door. Instead, the offender walked out of sight. The paramedics then reported that they heard the sound of glass and furniture breaking. As a result, they contacted the police for assistance.

Prob 12B
(7/93)

4

When the police arrived, they identified themselves but nobody responded from within the apartment. Based upon information that the paramedics had heard a disturbance inside, police determined that exigent circumstances existed to justify their entry into the apartment. Once they entered, they found the offender lying on a couch. Both the police and the paramedics asked the offender if she was alright. The offender responded by stating to them to "get the fuck out of my house." She became verbally abusive and struck paramedic Kam on the chest which caused him to stumble backwards. She was subsequently arrested.

The reports further indicate that the offender was verbally abusive and refused to enter a police vehicle. The offender was given several verbal warnings, but she refused to comply. She was subsequently sprayed with oleoresin capsicum (OC) and transported to a hospital for medical treatment.

On 12/1/2006, the offender contacted this officer and reported that the Criminal Contempt of Court case has been dismissed. On 12/6/2006, this officer contacted State Probation Officer Laurel Silva who confirmed the above information.

The offender was sternly reprimanded for her behavior. As a sanction for the alleged violations, the offender has agreed to the additions and/or modifications of the above identified supervision conditions.

In light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the offender and to protect the community.

The offender is aware that continued noncompliance may result in further sanctions, including the revocation of her supervision. As the charges have not yet been adjudicated by the State court, it is respectfully recommended that the Court take no adverse action at this time. Upon the final adjudication of the Disorderly Conduct case, the Court will be notified and appropriate action will be recommended at that time.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives her right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The

Prob 12B
(7/93)

5

subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

*[signature]*

JOANN S. HAMAJI
U.S. Probation Officer

Approved by:

*[signature]*

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 12/11/2006

---

THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above.  *By ordering the modification, the court holds the alleged violations "in abeyance" and may consider them at a later date. SOM*
[ ]  Other

*[signature]*
SUSAN OKI MOLLWAY
U.S. District Judge

12/12/06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

      I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

      I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

    General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

    5. That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

    6. That the defendant is prohibited from the possession and consumption of alcohol during the term of her supervised release.

    7. That the defendant participate in mental health treatment at the discretion and direction of the Probation Office.

    8. That the defendant participate in anger management counseling at the discretion and direction of the Probation Office.

Witness: _____    Signed: _____
           JOANN S. HAMAJI                              ELEANOR HAUNGA
          U.S. Probation Officer                           Supervised Releasee

                                             12/5/06
                                              Date